Mr. Justice Thacheb.
delivered the opinion of the court.
This case comes up by writ of error to the circuit court of Clark county.
It was an action commenced by an attachment against a removing debtor, which was dismissed by the court below, upon objections to the validity of the bond and affidavit.
The bond is executed by the agent of the plaintiff below in ■propria persona. Such a bond.is in accordance with the statutes regulating actions founded upon attachment. Bond can be taken “from the party for whom the attachment shall be issued, his or her agent or attorney,” &c. H. H. 549, sec. 13. It was ruled in the case of Frost v. Cook, Opinion Book, B. 375, that a bond executed by the agent of the plaintiff was a sufficient compliance with the statute.
But, upon looking at the affidavit on which the attachment writ in this case issued, we notice an evident error. The affidavit states, “ that the said William A. Ford is about removing *268 out of this state,” without adding, “ so that the ordinary process of the law cannot be served upon him.” This addition has been pronounced essential to the validity of an affidavit in such a case, in Thompson v. Raman, Planas Sp Co., Opinion Book, 311.
An attachment is an extraordinary remedy, and is only granted by the statute, when personal notice to the defendant cannot be given, and the affidavit must distinctly set forth that impossibility.
Every attachment issued without an affidavit, as required by the statute, is declared illegal and void, and shall be dismissed. H. H. 646, s. 13.
Judgment of the court below must be affirmed.